# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL E. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-185-RLW |
| ) | |
| CHRISTOPHER DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael E. Cox for leave to commence this civil action without prepayment of the required filing fee. For the reasons explained below, the Court will grant the motion, and will dismiss this action, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance and an average monthly deposit of $0, and an outstanding debt of $105.00. The Court will therefore not assess an initial partial filing fee at this time.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the

2

complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

At the time he filed the instant complaint, plaintiff was a pretrial detainee in the Cape Girardeau county jail. He brings this action pursuant to 42 U.S.C. § 1983 against Christopher Davis and Amy Commean, both of whom are public defenders.

According to the complaint, plaintiff is being held unlawfully and has lost everything that he owns because the Public Defender's office has failed to do its job. The public defenders have a heavy case load, and only see their clients during court proceedings. Plaintiff has written to Davis, who is Commean's boss, to complain about her performance and to beg Davis to come see him. Plaintiff and his family have called the Public Defender's office more than 100 times, but never get an answer. Plaintiff claims he should have been granted bail, and he claims the prosecutors hate him and the judge is biased against him. He alleges that Commean went on vacation, and also refuses to send plaintiff cases that will help him. Plaintiff has sought various

3

forms of relief, including filing motions concerning the defendants' ineffective assistance and concerning judicial bias. As relief, plaintiff seeks punitive and compensatory damages in the amount of $50,000.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Commean committed wrongdoing while serving as his public defender. However, public defenders do not act under color of state law for purposes of a § 1983 action. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999); *see also Polk County v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (attorneys, whether appointed or retained, who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983). Thus, any claim arising from Commean's representation of plaintiff as his public defender during state criminal proceedings fails as a matter of law.

4

Plaintiff's claims against Davis also fail. To the extent plaintiff can be understood to claim that Davis is liable to him because he took, or failed to take, some sort of action while serving as his public defender, his claims fail for the reasons stated above. To the extent plaintiff can be understood to allege that Davis is liable to him because he was Commean's supervisor, his claims also fail. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in *respondeat superior* are not cognizable under § 1983).

Because none of plaintiff's claims are cognizable in these proceedings, this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has also filed a motion seeking an entry of default against the defendants. In support, plaintiff asserts that the United States Marshals served defendants with summons and a copy of the complaint on July 25, 2018, but the defendants have failed to answer or otherwise appear. Plaintiff's contention is incorrect. The defendants have not been served with process in this matter, and plaintiff's motion is therefore meritless and will be denied. Plaintiff has also filed two motions seeking the appointment of counsel. Because this matter is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2), these motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motions for the appointment of counsel (Docket Nos. 4 and 11) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of default (Docket No. 10) is **DENIED.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of September, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE